UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21177-CIV-COOKE/BROWN

GLEN TOWNSEND,

     *Plaintiff*,

v.

EQUIFAX CREDIT INFORMATION
SERVICES, *et al.*,

     *Defendants*.

_____/

## ORDER GRANTING MOTION TO DISMISS

This cause is before me on Defendant Equifax Credit Information Services LLC's ("Equifax") Motion to Dismiss [D.E. 54], filed on January 12, 2009.  Plaintiff Glen Townsend filed a response to Equifax's motion on June 19, 2009 [D.E. 64].[1]  I am granting Equifax's Motion to Dismiss for the reasons discussed below.

### I.     BACKGROUND

In May 2007, Mr. Townsend's Motion to proceed *in forma pauperis* was granted and he was directed to prepare a summons for each defendant and present the summonses to the Clerk's office, attn: Stephanie Lee, along with a copy of the Order. [D.E. 5].  Mr. Townsend filed on Amended Complaint against Equifax [D.E. 10] on June 14, 2007.  On October 12, 2007, after Mr. Townsend failed to issue summons or perfect service on any of the defendants, I issued an Order to Show Cause notifying Mr. Townsend that "service of the summons and complaint must be made within 120 days after the filing of the

_____

[1]Plaintiff's response was titled "Motion for Extension of Time."  However, the contents of the motion respond to Equifax's motion to dismiss.

complaint." [*See* D.E. 15].  In November 2007, Mr. Townsend filed a summons with the

clerk of the court directed to Equifax, at 5505 Peachtree Dunwoody, Suite 600, Atlanta,

GA 30374.  The summons was returned, unexecuted, on March 24, 2008 because Equifax

was not located at the address Mr. Townsend provided.  [*See* D.E. 25].  On January 12,

2009, Equifax filed a motion to dismiss all claims against it based on Mr. Townsend's

failure to complete service on it within 120 days from the date his Amended Complaint

was filed [D.E. 54].  Mr. Townsend was again notified that Equifax had not been served

on March 5, 2009, when I denied his motion for summary judgment against Equifax for

that reason.  [*See* D.E. 55].  On June 4, 2009, after Mr. Townsend filed another Motion

for Summary Judgment, I issued another order stating that "Equifax has not been served

in this case." [*See* D. E. 61].

## II.    LEGAL STANDARD

"[T]he plaintiff is responsible for service of a summons and complaint within the

time allowed under subdivision (m)."  Fed. R. Civ. P. 4(c)(1). Under Rule 4(m),

> [i]f service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the court,
> upon motion or on its own initiative after notice to the plaintiff, shall
> dismiss the action without prejudice as to that defendant or direct
> service be effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall extend the
> time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).  "Good cause" exists only when some outside

factor, such as reliance on faulty advice, rather than inadvertence or negligence,

prevented service.  *Anderson v. Osh Kosh B'Gosh*, 255 Fed. Appx. 345, 347 (11th Cir.

2006) (citations and internal quotations omitted).  Although courts are to give liberal

construction to the pleadings of *pro se* litigants, the Eleventh Circuit has required them to

conform to procedural rules.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted).

### III.     DISCUSSION

I find that Mr. Townsend has not shown good cause for his failure to serve Equifax.  In his response, Mr. Townsend suggests that "Equifax had more than ample time to move and leave no address" after receiving his summary judgment motions.  Mr. Townsend does not allege, and the docket does not reflect, that he made any effort to secure an alternate address for service on Equifax.   Mr. Townsend's lack of effort towards serving Equifax, despite being informed in March of 2008 that Equifax was not at the address listed in his summons, warrants a finding that he has not shown good cause.  *See Wearing v. Savannah State University*, 132 Fed. Appx. 813 (11th Cir. 2005) (concluding that no showing of good cause was made where no attempt to correct defective service or even inquire into the alleged deficiency was made after the defendants filed their initial motion to dismiss).

I also do not find that, under the facts of this case,  any circumstances exist which warrant an extension of time for service.  Mr. Townsend has had ample time to try to serve Equifax, but instead chose to ignore this defendant for more than a year.  Mr. Townsend never addressed his failure to serve Equifax, even after repeated notices that it had not been served.  More than 420 days have passed since Mr. Townsend was informed that Equifax was not at the address listed on his summons.  Although Mr. Townsend may be afforded some leniency as a *pro se* Plaintiff, he is required to comply with the procedural rules.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("...we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to

excuse mistakes by those who proceed without counsel).  For these reasons, Equifax's Motion to Dismiss is granted.[2]

### VI.    CONCLUSION

Defendants Equifax and Experian are **DISMISSED** as parties to this action under Rule 4(m) because they have not been served.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*All Counsel of Record*

Glen Townsend, *pro se* Plaintiff
2315 N.W. 101 Street
Miami, FL 33147

---

[2] I am also dismissing this action with respect to Defendant Experian.  In my August 2008 Order Denying Motion to Dismiss [D.E. 43], I gave Mr. Townsend sixty days to (a) secure a waiver from Experian in accordance with Fed. R. Civ. P. 4(d), or (b) to provide to the clerk of the court a physical address and a prepared summons.  Mr. Townsend was warned that failure to comply with the Order would result in a dismissal of this action against Experian.  As of the date of this Order, Mr. Townsend has not presented this court with any evidence that he secured a waiver of service from Experian, nor has he provided the clerk of court with a physical address and summons.